## THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | * | Case No. 24-30 |
| | | Judge |
| YZ Enterprises Inc. | * | |
| | | Chapter 11 Proceeding |
| | | (Subchapter V) |
| | * | |
| Debtor | | |

---

## MOTION OF DEBTOR, YZ ENTERPRISES, INC. SEEKING AN ORDER FROM COURT TO (1) AUTHORIZE THE DEBTOR TO INCUR DEBT FROM RONALD JURGENSON AND 1930 TOMAHAWK DRIVE LLC FOR THE PURPOSE OF FULLY PAYING THE SECURED CLAIM OF NORTHVIEW CAPITAL, LLC, (2) THAT UPON FULL PAYMENT OF THE CLAIM TO NORTHVIEW CAPTIALTHAT RONALD JURGENSON AND 1930 TOMAHAWK DRIVE LLC BE SUBROGATED TO ALL RIGHTS AND INTEREST HELD BY NORTHVIEW CAPITAL, (3) THAT THE COURT APPROVE THE AGREEMENT BETWEEN THE DEBTOR AND RONALD JURGENSON AND 1930 TOMAHAWK DRIVE LLC, (4) THAT THE DEBTOR'S PROPOSED PLAN BE MODIFIED TO INCORPORATE IN FULL THE TERMS OF THE PROPOSED AGREEMENT AND (5) FOR RELATED RELIEF.

---

Now comes the Debtor, YZ Enterprises Inc., ("Debtor"), by and through the undersigned counsel, and hereby file this "Motion" seeking the following relief:

(1) That the Court Authorize the Debtor to incur debt from Ronald Jurgenson and 1930 Tomahawk Drive, LLC ("Jurgenson") for the purpose of fully paying the secured claim of Northview Capital, LLC;

(2) That the Court authorize Jurgesnon to fully pay the claim of Northview Capital, LLC;

(3) That upon full payment of the claim of Northview Capital, LLC, Jurgenson

shall be fully subrogated to all rights and interests of Northview Capital, LLC held against the Debtor and the Debtor's estate under the Northview Loan and related loan documents and the Northview Lien;

(4) That the Court approve the terms of the Loan Agreement between the Debtor and Jurgenson; and

(5) That the terms of the Debtor's proposed Plan be modified so as to fully incorporate the terms of the Agreement into Class 2 of the proposed plan.

In support of this Motion, the Debtor would state as follows.

1.     This case was commenced on May 31, 2024, by the filing of a voluntary petition under Chapter 11, Subchapter V, of the United States Bankruptcy Code. Pursuant to 11 USC §§1103 and 1108, the Debtor remains a debtors-in-possession and is authorized to file this Motion.

2.     The Court has jurisdiction to consider this matter pursuant to 28 USC § 157 and § 1334 and 11 U.S.C. §§ 105, 363, 364, 510 and 1127 and Bankruptcy Rules 4001 and 6004.  This is a core proceeding pursuant to 28 USC § 157(a)(2)(A)/(B)/(D). Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

3.     This Motion is brought pursuant to 11 U.S.C. §§ 105, 363, 364, 510 and 1127 and Bankruptcy Rules 4001 and 6004.

## BACKGROUND

4.     The Debtor is an active and operating Ohio Corporation. The corporation was formed in 1998. The Debtor's base of operations is 1930 Indian Wood Circle, Maumee, Ohio. The sole shareholders of the Debtor are Yuval Zailouk and his wife, Susan Zailouk. ("Zailouks"). Its chief executive officer is Tamar Markham, daughter of

the Zailouks.

5.	The Debtor's business operations consist of the manufacture of specialty cookies from its base of operations. The Debtor operates under the name of Almondina, a registered trademark. Its recipes are trade secrets. The Debtor's customers include grocery stores and other retail sellers. As well, the Debtor fills orders on line. Its major customer is Nonni's who sells the Debtor's products under its own name.

6.	The Debtor operates from a facility located at 1930 Indian Wood Circle Maumee, Ohio. ("Facility"). The Facility is not owned by the Debtor, but is owned by an entity in which Mr. and Mrs. Markham, who are insiders, are the sole memberships; to wit: Suval Investments LTD. ("Suval").

7.	That at the commencement of the case, the Debtor was indebted to Northview Capital, LLC. ("Northview").

8.	The indebtedness to Northview is based upon a loan made to the Debtor on or around February 2, 2023. ("Northview Loan"). The Northview Loan was in the principal amount of $200,000.00.

9.	The Northview Loan is structured as an equipment lease under which the Northview Loan is secured by the Debtor's equipment and other personal property, both tangible and intangible. Northview, pursuant to an amended UCC-1 financing statement, perfected its lien against the Debtor's personal property. ("Northview Lien"). The Debtor believes the Northview Lien is a first and best lien on all of the Debtor's personal property, with the United States Small Business Administration having subordinated its interest in the Debtor's personal property to the Northview Lien. The Northview Loan is also secured by a mortgage against the Facility, with Suval also being liable on the

Northview Loan. This mortgage is the sole lien against the Facility.

10.    Northview filed a proof of claim in this case in the amount of $274,026.99. ("Northview Claim"). (Cl. No. 4-1). The Northview Claim is filed as a fully secured claim. Pursuant to orders entered by the Court, the Debtor has been paying Northview the sum of $4,000.00 per month as adequate protection payments.

11.    On August 19, 2024, the Debtor filed its Plan of Reorganization. ("Plan). (Doc. No. 66). The Northview Claim was provided for in Class 2 of the Plan. On September 12, 2024, Northview filed an Objection to the Plan. (Doc. No. 78). The Court has set a further hearing on confirmation of the Plan for January 7, 2024, at 0 2:15 PM (Doc. No. 95).

12.    To resolve the Objection filed by Northview to the Debtor's Plan, the Debtor agreed to undertake efforts to obtain alternative financing to fully pay the Northview Claim. These efforts proved successful, with Jurgenson agreeing to extend financing to the Debtor to fully pay the Northview Claim.

13.    Based thereon, the Debtor and Jergenson entered into the Agreement attached hereto as Exhibit A. ("Agreement"). The salient terms of the Agreement are as follows:

   (a) Jergenson shall lend to the Debtor sufficient funds to fully pay the Northview Claim ("Jergenson Loan"); the Jergenson Loan to the Debtor shall not be in amount greater than what is otherwise required to fully pay the Northview Claim.

   (b) The terms of the Jergenson Loan shall be as follows:

      a.  Loan Term: 120 days

b. Interest Rate: 8%

(c) Upon full payment of the Northview Claim, the Jergenson Loan shall be subrogated to all rights held by Northview against the Debtor and the Debtor's bankruptcy estate based upon the Northview Loan, the Northview Claim and the Northview Security Interest;

(d) Jergenson will also secure the Jurgenson Loan to the Debtor under the Agreement by taking a mortgage against the Facility, with Suval also being liable under the Jergensen Loan. Jurgenson may also, at its option, extend additional credit to Suval, but in no event shall the Debtor be liable for any further extension of credit made by Jergenson to Suval other than what is owed under the Jergenson Loan.

(e) Suval shall sell the Facility to Jurgenson with 120 days from the entry of an order on this Motion for the sum $720,000.00, with credit on the Purchase Price given to Jurgenson for the amount lent to the Debtor under the Jurgenson Loan and any additional credit extended to Suval.

(f) Jurgenson shall then lease the Facility back to the Debtor for a term of ten years, with two 5-year options to renew. Initial rent under the lease shall be $6,000.00 per month.

**ARGUMENTS IN SUPPORT**

14. The Debtor, in its business judgment, believes the relief sought in this Motion is in the best interest of the Debtor, its estate and all interested parties in this case. First, Northview was the only creditor to file an objection to the Debtor's Plan. The relief sought in the Motion will moot this Objection by fully paying the claim of Northview,

thus allowing the Debtor to proceed with confirmation without the need to litigate Northview's Objection to the Plan.

15.     Second, no creditors will be harmed by the Court entering the relief sought in the Motion. In this regard, the relief sought in the Motion only seeks to subrogate Jurgenson to the rights and interests held by Northview under its Claim. Thus, those interests and rights held by other parties will not be compromised or affected. To be clear, the proposed relief sought in the motion only seeks to subrogate Jurgenson up to the amount of Northview's Claim and does not grant to Jurgenson an interest in the Debtor's Property greater than what is now held by Northview.

16.     Third, the terms of the Jurgenson Loan are more favorable than what the Debtor proposed under Class 2 of its Plan, regarding the treatment of Northview's Claim. In this regard, the Debtor's Plan proposed pay amortize the Northview Claim over eight years and eight months at 10.5% interest with a balloon at the end of three years.

17.     By comparison, under the Jurgenson Loan, the Debtor will be required to pay only 8% interest and through the sale of the Facility the Jurgenson Loan will be paid in full in a relatively short period of time. The Jurgenson Loan will thus facilitate the Debtor's reorganization which will benefit all creditors.

18.     In addition, the Agreement with Jurgenson contemplates that Jurgenson may loan additional monies to Suval which would be secured by a mortgage against the Facility. It is then contemplated that if this were to occur, the additional funds loaned by Jurgenson to Suval would be used by Suval's principals, Mr. and Mrs. Markham, to make a capital contribution (not a loan) to the Debtor to help facilitate the Debtor's reorganization.

## NOTICE

19.     Notice of this Motion has been provided to (1) the Office of the United States Trustee, (2) the Trustee, (3) Northview and (4) all creditors and equity interestss in this case.

**WHEREFORE**, Debtor respectfully request that the Court enter an order substantially similar to the order attached hereto as Exhibit "B" providing the following relief:

(1)     That the Court Authorize the Debtor to incur debt from Jurgenson for the purpose of fully paying the secured claim of Northview Capital, LLC;

(2)     That the Court authorize Jurgenson to fully pay the claim of Northview Capital, LLC;

(3)     That the Court order that upon full payment of the claim of Northview Capital, LLC, Jurgenson shall, up to the amount of the Northview Claim, be fully subrogated to all rights and interests that Northview Capital, LLC held against the Debtor and the Debtor's estate, including under the Northview Loan and related loan documents and the Northview Lien;

(4)     That the Court approve the terms of the Agreement between the Debtor and Jurgenson;

(5)     That the terms of the Agreement be fully enforceable between the Debtor and Jurgenson;

(5)     That the terms of the Debtor's proposed Plan be modified so as to fully incorporate the terms of the Agreement into Class 2 of the proposed plan; and

(6) that the Court enter further relief in favor of the Debtor it may deem just and

proper.

/s/Eric R. Neuman

Eric R. Neuman (0069794)
DILLER & RICE
Attorney for Debtor
1105-1107 Adams Street
Toledo, Ohio 43604
Phone: (419) 724-9047
Fax: (419) 238-4705
eric@drlawllc.com

## NOTICE PURSUANT TO LOCAL RULE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this case. If you do not have an attorney, you may wish to consult one.** Under Local Bankruptcy Rule 9013-1 and 4:08, unless a written response to the Motion are filed with the Clerk of the Court and served on the moving party and the Office of the U.S. Trustee, objecting to the relief requested within fourteen (14) days, the Court may deem the opposition waived, treat the motions as conceded, and issue an order granting the requested relief without further notice of hearing.

/s/Eric Neuman

Eric R. Neuman

## CERTIFICATE OF SERVICE

I, Eric R. Neuman, do hereby certify that a copy of this Motion was mailed or electronically sent to the following attached list of interested parties and creditors this 3rd day of December 2024.

/s/Eric R. Neuman

Eric R. Neuman

Service List:

**Notice will be electronically mailed to:**

- **Kimberly Ross Clayson**    kclayson@taftlaw.com, ttorni@taftlaw.com;DET_docket_assist@taftlaw.com
- **Dov Y. Frankel**    dfrankel@taftlaw.com, docket@taftlaw.com;welcht@taftlaw.com;horvath@taftlaw.com
- **Patricia B. Fugee**    patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net
- **Lawrence A. Lichtman**    llichtman@honigman.com, litdocket@honigman.com

- **Bruce J.L. Lowe**    blowe@taftlaw.com,
  CLE_Docket_Assist@taftlaw.com;SMcKean@taftlaw.com
- **Spencer Lutz**    spencer.lutz@usdoj.gov
- **Eric R. Neuman**    Eric@drlawllc.com,
  kim@drlawllc.com;r50765@notify.bestcase.com;raymond@drlawllc.com;jennifer@drlawllc.com
- **Guillermo J. Rojas**    Guillermo.Rojas@usdoj.gov,
  dixie.racklyeft@usdoj.gov;rowenda.dellisanti@usdoj.gov;CaseView.ECF@usdoj.gov;USAO
  HN.BankruptcyTOL@usdoj.gov
- **United States Trustee**    (Registered address)@usdoj.gov
- **Kurt F Vote**    kvote@wjhattorneys.com
- **Bradley R. Waugh**    pommeranz@maf-law.com, farell@maf-law.com

**Notice will be mailed to:**

Leslie A DeMarco
DeMarco & Associates CPAs, LLC
845 Commerce Dr, Suite 3
Perrysburg, OH 43551

See attached for more.

Label Matrix for local noticing
0647-3
Case 24-31033-jpg
Northern District of Ohio
Toledo
Fri Jun  7 15:08:03 EDT 2024

United States Trustee
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue East Suite 441
Cleveland, OH 44114-1234

YZ Enterprise Inc.
1930 Indian Wood Circle
Maumee, OH 43537-4001

United States Bankruptcy Court
405 Madison Ave    Room 604
Toledo, OH 43604-1211

20 Arcbest
P.O. Box 10048
Fort Smith, AR 72917-0048

20 BAPU Almond Co.
24341 AVENUE 14
Madera, CA 93637-9276

20 Bank of America
P.O. Box 660441
Dallas, TX 75266-0441

20 Channel Partners Capital
10900 Wayzata Blvd
Suite 300
Hopkins, MN 55305-1576

20 Crystal Lake LLC
P.O. Box 251
Atwood, IN 46502-0251

20 Headway Capital
175 W. Jackson Blvd., Suite 1000
Chicago, IL 60604-2863

20 Jason Markham
29227 East River Road
Perrysburg, OH 43551-2739

20 Logistic Freight Solutions Inc.
P.O. Box 227008
Miami, FL 33222-7008

20 Northview Capital LLC
2516 Waukegan Road, Suite 385
Glenview, IL 60025-1774

20 OnDeck
4700 W. Daybreak Pkwy.
Suite 200
South Jordan, UT 84009-5133

20 PPC Flexible Packaging
1111 Busch Parkway
Buffalo Grove, IL 60089-4504

20 Phoenix Services
5800 Monroe Street
Suite B
Sylvania, OH 43560-2263

20 Renhill HR on Demand
2650 N. Reynolds Road
Toledo, OH 43615-2088

20 Suval Investments LLC
616 MANITOU DRIVE
Maumee, OH 43537-3731

20 TVT Capital
1407 Broadway
New York, NY 10018-5100

20 Tailer Trading Group Inc.
P.O. Box 692
Blairstown, NJ 07825-0692

20 Tamar Markham
29227 East River Road
Perrysburg, OH 43551-2739

20 US Small Business Administration
District Counsel
1350 Euclid Avenue, Suite 211
Cleveland, OH 44115-1815

20 Unique Funding Solutions
71 S Central Ave
Valley Stream, NY 11580-5495

20 Yuval and Susan Zailouk
616 Manitou Drive
Maumee, OH 43537-3731

Absopre Water Company
Dept #11-130103
P.O. Box 701760
Plymouth, MI 48170-0970

American Express
P.O. Box 0001
Los Angeles, CA 90096-0001

American Express
P.O. Box 60189
City of Industry, CA 91716-0189

Amur Equipment Finance, Inc
PO Box 202136
Florence, SC 29502-2136

Antibus Scales and Systems
705 West Newton
Bowling Green, OH 43402-9026

ArcBest, inc.
3801 Old Greenwood Road
Fort Smith
Fort Smith, AR 72903-5937

| | | |
|---|---|---|
| B&B Box Company<br>26490 Southpoint Road<br>Perrysburg, OH 43551-1370 | BPI Equipment<br>12655 Sandy Drive<br>Granger, IN 46530-4306 | Bank of America<br>P.O. Box 15796<br>Wilmington, DE 19886-5796 |
| Bell Flavors<br>10618 Paysphere Circle<br>Chicago, IL 60674-0001 | Bon Sales and marketing<br>3742 Crown Hill Drive<br>Santa Rosa, CA 95404-7646 | Brighthouse<br>P.O. Box 4262<br>Clinton, IA 52733-4262 |
| Club Demonstration Services, Inc<br>15310 Barranca Parkway<br>Irvine, CA 92618-2236 | Complete Refrigeration, LLC<br>9970 Old Airport Highway<br>Monclova, OH 43542-9555 | De Lage Laden Financial Services<br>1111 Old Eagle School Road<br>Wayne, PA 19087-1453 |
| Detroit Forming<br>3707 W. Maple Road<br>Suite 100<br>Bloomfield Hills, MI 48301-3201 | Fed Ex Freight<br>P.O. Box 223125<br>Pittsburgh, PA 15251-2125 | Foremost<br>19211 144th Avenue NE<br>Woodinville, WA 98072-6455 |
| Franklin Capital Holdings LLC<br>600 Central Ave<br>Suite 212<br>Highland Park, IL 60035-3256 | Grace Imaging LLC<br>1722 Indian Wood Circle<br>Maumee, OH 43537-4044 | Great lakes Scientific<br>2847 Lawrence Street<br>Stevensville, MI 49127-1257 |
| Grote Company<br>Dept. L-1021<br>Columbus, OH 43260-0001 | Hobart Corporation<br>43442 N. I-94 Service Drive<br>Belleville, MI 48111-2495 | Huntington FIA Card Services<br>P.O. Box 15710<br>Wilmington, DE 19886-5710 |
| Hygiena<br>941 Avenida Acaso<br>Camarillo, CA 93012-8700 | Image Group<br>1255 Corporate Drive<br>Holland, OH 43528-9590 | Ingersoll Rand Air Centers<br>15768 Collection Center Drive<br>Chicago, IL 60693-0001 |
| Internal Revenue Service<br>Insolvency Group 6<br>1240 East Ninth Street, Room 493<br>Cleveland, OH 44199-9941 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Jones and Henry Laboratories<br>2567 Tracy Road<br>Northwood, OH 43619-1004 |
| Kellermeyer Imperaldade<br>2647 Momentum Place<br>Chicago, IL 60689-0001 | Lexus of Toledo<br>7505 West Central Avenue<br>Toledo, OH 43617-1523 | Lion Raisins<br>P.O. Box 1350<br>Selma, CA 93662-1350 |
| Logistics Unlimited Pallets<br>26329 Bowman Road<br>Defiance, OH 43512-6799 | Miami Industrial Trucks<br>P.O. Box 632616<br>Cincinnati, OH 45263-2616 | Miami Industrial Trucks,<br>130 Stanford Pkwy<br>Findlay, OH 45840-1732 |

Moriarty Machinery and Supply
143 Broadway
Toledo, OH 43604-8703

Network Lawn and Landscape
P.O. Box 391
Maumee, OH 43537-0391

Ohio Attorney General
Collections Enforcement Section
Attention: Bankruptcy Unit
30 East Broad St., 16th Floor
Columbus, OH 43215-3414

(p)OHIO BUREAU OF WORKERS' COMPENSATION
PO BOX 15567
COLUMBUS OH 43215-0567

Ohio Department of Job & Family Ser
P.O. Box 182830
Columbus, OH 43218-2830

Ohio Dept. of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, OH 43216-0530

Orkin Pest Control
6537 Angola Road
Holland, OH 43528-9651

Orthodox Union
40 Rector Street
4th Floor
New York, NY 10006-1733

(p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR
3801 AUTOMATION WAY
STE 207
FORT COLLINS CO 80525-5735

Piggot Ltd
Thomas D. Pigott
Unit H
Toledo, OH 43617

Provisions Marketing Group
1000 Fieldstone Court
Elgin, IL 60120-4914

Qualitech Co.
318 Lake Hazeltine Drive
Chaska, MN 55318-1093

Safeway Shredding
P.O. Box 930327
Wixom, MI 48393-0327

Sandusky Packaging Corp.
2016 George Street
Sandusky, OH 44870-1797

Santucci Associates
1010 Mill Creek Drive
Feasterville Trevose, PA 19053-7398

Schneider Son's Electric Corp
1556 Oak Street
Toledo, OH 43605-3447

Sofo Foods
253 Waggoner Blvd
Toledo, OH 43612-1952

Superior Packaging of Toledo
2958 Airport Highway
Toledo, OH 43609-1404

The Ohio and Michigan Paper Company
350 4th Street
Perrysburg, OH 43551-4338

Unifirst Corp.
P.O. Box 650481
Dallas, TX 75265-0481

Unifirst First Aid and Safety
3499 Rider Trail South
Brookfield, WI 53045

Unique Funidng Solutions
1915 Hollywood Blvd
Suite 200
Hollywood, FL 33020-4547

United States Attorney
Suite 308, Four Seagate, Third Fl.
Toledo, OH 43604

V&A Risk Services
2730 Centenial Road
Toledo, OH 43617-1829

Welch Packaging Toledo
P.O. Box 856421
Minneapolis, MN 55485-6421

Wells Fargo
420 Montgomery Street
San Francisco, CA 94104-1298

Yuval and Susan Zailouk
616 Manitou Drive
Maumee, OH 43537-3731

Eric R. Neuman
1107 Adams Street
Toledo, OH 43604-5508

Patricia B. Fugee
FisherBroyles, LLP
27100 Oakmead Drive
306
Perrysburg, OH 43551-2670

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Ohio Bureau of Workers' Compensatio          Pawnee Leasing
Attn:  Law Section Bankruptcy Unit           3801 Automation Way, Suite 207
PO Box 15567                                 Fort Collins, CO 80525
Columbus, OH 43215


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Northview Capital                 (u)Arrowhead Architectural          (u)Opus Packaging New Bremen
                                     P.O. Box 430                        Department 6078
                                     OH 45537                            P.O. Box 30516


(u)Shumaker, Loop and Kendrick       End of Label Matrix
P.O. Box 714625                      Mailable recipients      88
                                     Bypassed recipients       4
                                     Total                    92

DIP LENDING AGREEMENT

This Lending Agreement ("Agreement") is executed on this ____ day of December, 2024 by and between YZ Enterprises Inc., an Ohio Corporation whose address is 1930 Indian Wood Circle Maumee, Ohio ("Borrower"), and Ron Jurgenson and 1930 Tomahawk Drive, LLC, an Ohio limited liability company, whose address is c/o Peter Dewhirst, Esq., 3309 Quail Hollow Drive, Lambertville, Michigan 48144 (collectively, "Lender").

WHEREAS, Borrower is in a Chapter 11 bankruptcy proceeding pending in the Northern District of Ohio, Case Number 24-31033. ("Bankruptcy Case").

WHEREAS, Borrower operates from a facility located at 1930 Indian Wood Circle Maumee, Ohio. ("Facility"). The Facility is not owned by the Borrower, but is owned by an entity in which Mr. and Mrs. Markham, who are insiders, of the Borrower are the sole memberships; to wit: Suval Investments LTD. ("Suval").

WHEREAS, Borrower is indebted to Northview Capital, LLC. ("Northview").

WHEREAS, Northview filed a proof of claim in the Bankruptcy Case in the amount of $274,026.99 asserting a senior secured lien on all of the Borrower's personal property. ("Northview Claim").

WHEREAS, Lender is willing to lend to the Borrower an amount sufficient to fully pay the Northview Claim provided that it be subrogated to all rights and interest held by Northview under the Northview Claim. ("Loan").

WHEREAS, Suval will also guarantee the Loan by providing a mortgage to Lender on the Facility.

WHEREAS, it is also contemplated that to repay all funds lent to Borrower and Suval that Suval shall sell the Facility to Lender under a separate agreement between Suval and Borrower.

ACCORDINGLY, subject to the approval of this Agreement by the Bankruptcy Court in the Bankruptcy Case, the Borrower, the Lender and the Guarantor, Suval, agree to perform according to the following terms and conditions:

<u>Loan Terms</u>

1.1 Loan Amounts. The Lender agrees to provide a Loan to the Borrower in amount sufficient to fully pay the Northview Claim estimated to be $274,026.99. In no event shall Lender loan to Borrower any amount over and above the amount required to fully pay the Northview Claim.

1.2 Repayment Terms. The full amount of the Loan shall be repaid by Borrower to Lender no later than 120 days after the Order is entered by the Bankruptcy Court approving this Agreement. No payments shall be due on the Loan until it matures. Interest shall accrue on the Loan at the rate of 8% per annum commencing from the date of the Order of the Bankruptcy Court approving this agreement until such time as the Loan is fully repaid.

<u>Collateral</u>

2.1 Collateral. To secure the Loan, and subject to any conditions and terms imposed by the Bankruptcy Court, Lender shall be entitled to a security interest in all the Debtor's personal property to the same extent and on the same conditions as held by Northview in the Debtor's personal property.

Disbursements

3.1 Disbursements. The funds under the Loan shall be paid to Northview  within 10 business days after the Order is entered by the Bankruptcy Court approving this Agreement.

Separate Transactions

4.1 It is contemplated that the following transactions shall also occur in connection with this Agreement:

(a) Suval shall sell the Facility to Lender, within 120 days from the entry of an order by the Bankruptcy Court in the Bankruptcy Case approving this Agreement, for the sum of $720,000.00, with credit on the Purchase Price given to Lender for the amount lent to the Debtor under the Agreement and any additional credit extended to Suval.

(b)      After the purchase of the Facility, Lender shall lease, under a separate lease agreement, the Facility back to the Debtor for a term of ten years, with two 5-year options to renew. Initial rent under the lease shall be $6,000.00 per month.

The above terms in this section are material terms of this Agreement and a breach of any of these terms shall be deemed a breach of this Agreement.

Conditions

5.1 Bankruptcy Court Approval. Neither Borrower nor Lender shall be required to perform under this Agreement unless this Agreement is Approved by the Bankruptcy Court in the Bankruptcy Case.

5.2 Sale of Real Property. Lender shall not be required to perform under this Agreement unless Suval enters into a separate purchase agreement to sell the Facility to Lender under the terms set forth in section 4.1(a) and all the terms and conditions set forth in the separate purchase agreement are complied with and satisfied, including but not limited to any terms in the separate purchase agreement regarding the inspection of the Facility and title to the Facility.

5.3 Lease of Real Property. Borrower shall not be required to perform under this Agreement unless, after the sale of the Facility by Suval to Lender, Lender enters into a lease agreement to lease the Facility to Borrower under the terms set forth in section 4.1(b).

Guaranty

6.1 Suval, by also executing this Agreement, agrees that it is guarantying the Loan and will provide to Lender a mortgage on the Facility to secure this guaranty.

6.2 Lender, at its option, may extend further financing to Suval, but in no event shall the Borrower be liable for any further extension of credit made by Lender to Suval other than what is owed under the Loan set forth in this Agreement in section 1.1.

## Maintenance of Assets

7.1 Borrower agrees:

(a) Not to sell, assign, lease, transfer or otherwise dispose of any part of the Borrower's business or the Borrower's assets except ln the ordinary course of the Borrower's business.

(b) Not to sell, assign, lease, transfer or otherwise dispose of any assets for less than fair market value, or enter Into any agreement to do so.

(c) Not to enter Into any sale and leaseback agreement covering any of the fixed assets.

(d) To maintain and preserve all rights, privileges, and franchises the Borrower now has.

(e) To make any repairs, renewals, or replacements to keep the Borrower's property In good working condition.

7.2 Loans. Until the Loan is fully repaid, Borrower agrees not to make any loans, advances or other extensions of credit to any Individual or entity except for the extensions of credit in the nature of accounts receivable or notes receivable arising from the sale or lease of goods or services in the ordinary course of business to non~affillated entitles.

7.3 Additional Negative Covenants. Until the Loan is fully repaid, Borrower agree to, without the Lender's written consent:

> (a) Enter into any consolidation, merger, or other combination, or become a partner in a partnership, a member of a joint venture, or a member of a limited liability company.

> (b) Acquire or purchase a business or Its assets.

> (c) Engage in any business activities substantially different from the Borrower's present business.

> (d) Liquidate or dissolve the Borrower's business.

7.4 Notices to Lender. Until the Loan is fully paid, Borrower shall promptly notify the Lender in writing of:

(a) Any event that would constitute a Non-Payment.

(b) Any change In the Borrower's name, legal structure, state of registration or place of business.

(c) The receipt of any notice or communication regarding (i) any threatened or pending investigation or enforcement action by any governmental authority or any other claim relating to health, safety, the environment, or any hazardous substances with regard to the Borrower's property, activities, or operations or {Ii) any belief or suspicion of the Borrower that hazardous substances exist at its place of business.

7.5 Insurance.

(a) General Business Insurance. Borrower agrees to maintain Insurance as is usual for the business It is in.

(b) Insurance Covering Collateral. Borrower agrees to maintain all risk property damage insurance policies covering the tangible property comprising the Lender's collateral. Each Insurance policy must be issued by an insurance company acceptable to the Lender.

(c) Evidence of Insurance. Upon the request of the Lender, Borrower shall deliver to the Lender an insurance policy for all insurance policies maintained with respect to Borrower's business.

7.6 Compliance with Laws. Borrower agrees to comply with the laws, regulations, and orders of any government body with authority over the Borrower's business. The Lender shall have no obligation to make any advance to the Borrower except in compliance with all applicable laws and regulations and the Borrower shall fully cooperate with the Lender In complying with all such applicable laws and regulations.

7.7 Audits. Borrower agrees to allow the Lender and its agents to Inspect the Borrower's properties and examine, audit, and make copies of books and records at any reasonable time, If any of the Borrower books or records are In the possession of a third party, the Borrower authorizes that third party to permit the Lender or its agents to have access to perform Inspections or audits and to respond to the Lender's requests for information concerning books and records.

7.8 Perfection of Liens. The Borrower agrees that Lender may take any action to perfect its lien in Lender's collateral.

7 .9 Cooperation, Borrower agrees to take any action reasonably requested by the Lender to carry out the intent of this Agreement.

<u>Default</u>

Without limiting any of the Lender's rights and remedies in this Agreement, if any of the following events of default occurs, the Lender may do one or more of the following without prior notice: declare the Borrower in default, stop making any additional credit available to the Borrower, and require the Borrower to repay Its entire debt Immediately due. In addltion, if any event of default occurs, the Lender shall have all rights, powers and remedies available under any instruments and agreements required by or executed In connection with this Agreement, as well as all rights and remedies available at law or In equity.

8.1 Failure to Pay, Event of Payment Default. The Borrower falls to make a payment under this Agreement when due and fails to cure the default within ten (10) business days after written notice of default.

8.2 Non-Monetary Default. Any default (other than an Event of Payment Default) occurs under this Agreement or the documents executed In conjunction herewith and the same Is not cured within thirty (30) days after Notice is given.

8.3 False Information. The Borrower or any Obllgor has given the Lender false or mlsleadlng information or representations.

8.4 Lien Priority. The Lender fails to have an enforceable first lien on or security Interest in the Collateral given to Lender under this Agreement.

8.5 Default under Related Documents. Any default occurs under any guaranty, subordination agreement, security agreement, mortgage or other document required by or delivered in connection with this Agreement, or any guarantor purports to revoke or disavow the guaranty; or any representation or warranty made by any guarantor is false when made or deemed to be made which Is not cured within thirty (30) days after written notice of default.

Enforcement; Miscellaneous

9.1 Governing Law, Venue and Jurisdiction, This Agreement Is governed by and shall be Interpreted according to federal law and the laws of Ohio. If state or local law and federal law are Inconsistent, or If state or local law Is preempted by federal law, federal law governs.  The parties hereby consent to the jurisdiction of the courts of the State of Ohio.

9.2 Successors and Assigns. This Agreement Is binding on the-Borrower's and the Lender's successors and assignees. The Borrower agrees that it may not assign this Agreement without the Lender's prior consent.

9.3 Severability. Waivers, If any part of this Agreement Is not enforceable, the rest of the Agreement may be enforced.

9.4 Attorneys' Fees. Each party shall be liable for their respective attorney fees and legal costs.

9.5 Notices. Any notice required or permitted under this Agreement shall be deemed sufficiently given or served if sent via electronic mail and by United States certified mail, return receipt requested, addressed as follows:

| If to Lender: | With a copy to Lender's counsel: |
|---|---|
| 1930 Tomahawk Drive, LLC | Peter A. Dewhirst, Esq. |
| Attn: Ron Jurgenson | Lyden, Chappell & Dewhirst, Ltd. |
| 8071 Monroe Rd. | 3309 Quail Hollow Road, Suite E |
| Lambertville, MI 48144 | Lambertville, MI 48144 |
| rjurgy@gmail.com | pad@lydenlaw.com |

| If to Borrower: | With a copy to Borrower's counsel: |
|---|---|
| YZ Enterprises, Inc. | Eric Richard Neuman, Esq. |
| 1930 Indian Wood Circle | 1107 Adams Street |
| Maumee, Ohio 43537 | Toledo, Ohio 43604 |

tamar@almondina.com                    eric@drlawllc.com

9.6.      Counterparts.This Agreement may be executed in two (2) or more counterparts, each of which shall be an original but such counterparts together shall constitute one and the same instrument notwithstanding that Lender and Borrower are not signatories to the same counterpart.

9.7 Authority. Each party signing below represents to the other that each has the authority to sign on behalf of the party entering into this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed by the parties as of the date set forth below each signature.

Borrower:                              Lender:

YZ Enterprises, Inc.                   1930 Tomahawk Drive, LLC

By:/s/Tamar Markham*                   By: /s/Ron Jurgenson*
     Tamar Markham, CEO                     Ron Jurgenson, member

Date:    12-3-2024

                                       /s/Ron Jurgenson*
                                            Ron Jurgenson, individually
                                            Dated:    12-2-2024

Guarantor:

Suval Investments, Ltd.

By: /s/Tamar Markham*
     Tamar Markham, member

Date:    12-3-2024

*copies of signatures on file with Debtor's counsel.

## HE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | * | Case No.  24-31033 |
| | | Judge John P. Gustafson |
| YZ Enterprises Inc. | * | |
| | | Chapter 11 Proceeding |
| | * | (Subchapter V) |
| Debtor | | |

---

**ORDER ON MOTION OF DEBTOR, YZ ENTERPRISES, INC. TO (1) AUTHORIZE THE DEBTOR TO INCUR DEBT FROM RONALD JURGENSON AND 1930 TOMAHAWK DRIVE LLC FOR THE PURPOSE OF FULLY PAYING THE SECURED CLAIM OF NORTHVIEW CAPITAL, LLC, (2) THAT UPON FULL PAYMENT OF THE CLAIM TO NORTHVIEW CAPTIAL THAT RONALD JURGENSON AND 1930 TOMAHAWK DRIVE LLC BE SUBROGATED TO ALL RIGHTS AND INTEREST HELD BY NORTHVIEW CAPITAL, (3) THAT THE COURT APPROVE THE AGREEMENT BETWEEN THE DEBTOR AND RONALD JURGENSON AND 1930 TOMAHAWK DRIVE LLC, (4) THAT THE DEBTOR'S PROPOSED PLAN BE MODIFIED TO INCORPORATE IN FULL THE TERMS OF THE PROPOSED AGREEMENT AND (5) FOR RELATED RELIEF.**

---

This matter came before the Court on the "Motion" of the Debtor, YZ Enterprises Inc., ("Debtor"), seeking the following relief:

(1) That the Court Authorize the Debtor to incur debt from Ron Jurgenson and 1930 Tomahawk Drive, LLC ("Jurgenson") for the purpose of fully paying the secured claim of Northview Capital, LLC;

(2) That the Court authorize Jurgenson o fully pay the claim of Northview Capital, LLC;

(3) That upon full payment of the claim of Northview Capital, LLC, Jurgenson be fully subrogated to all rights and interests of Northview Capital, LLC held

against the Debtor and the Debtor's estate under the Northview Loan and related loan documents and the Northview Lien;

(4) That the Court approve the terms of the Agreement between the Debtor and Jergenson; and

(5) That the terms of the Debtor's proposed Plan be modified so as to fully incorporate the terms of the Agreement into Class 2 of the proposed plan.

The Court being duly advised in the premises, and finding that Notice of the Motion was property and adequate under the circumstances, and after notice and opportunity for hearing, and with no Objection to the Motion having been filed, or with any Objection being overruled, the Court hereby finds and determines that the requested relief is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and after due deliberation and consideration and sufficient cause appearing, therefor

**IT IS HEREBY FOUND AND DETERMINED THAT**

1.      This case was commenced on May 31, 2024, by the filing of a voluntary petition under Chapter 11, Subchapter V, of the United States Bankruptcy Code. Pursuant to 11 USC §§1103 and 1108, the Debtor remains a debtors-in-possession and is authorized to file the Motion.

2.      The Court has jurisdiction to consider this matter pursuant to 28 USC § 157 and § 1334 and 11 U.S.C. §§ 105, 363, 364, 510 and 1127 and Bankruptcy Rules 4001 and 6004.  This is a core proceeding pursuant to 28 USC § 157(a)(2)(A)/(B)/(D). Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

3.      That at the commencement of the case, the Debtor was indebted to Northview Capital, LLC. ("Northview").

4.    That Northview filed a proof of claim in this case in the amount of $274,026.99. ("Northview Claim"). (Cl. No. 4-1). The Northview Claim is filed as a fully secured claim. Pursuant to orders entered by the Court, the Debtor has been paying Northview the sum of $4,000.00 per month as adequate protection payments.

5.    That on August 19, 2024, the Debtor filed its Plan of Reorganization. ("Plan"). (Doc. No. 66).

6.    That the Northview Claim was provided for in Class 2 of the Plan.

7.    That on September 12, 2024, Northview filed an Objection to the Plan. (Doc. No. 78).

8.    That Jurgenson and the Debtor entered into an Agreement, as attached as Exhibit A to the Motion, ("Agreement") under which Jurgenson agreed to lend to the Debtor an amount to fully pay the Northview Claim.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

(A) The Debtor's Motion is Granted as provided herein.

(B) That the Debtor is Authorized to incur debt from Jurgenson for the purpose of fully paying the Northview Claim;

(C) That Jurgenson is authorized to fully pay the Northview Claim;

(D) That upon full payment of the Northview Claim, Jurgenson shall, up to the amount of the Northview Claim, be fully subrogated to all rights and interests that Northview held against the Debtor and the Debtor's estate (including under its loan documents and its lien) with respect to the Debtor's property.

(E) That the Court hereby approves the Agreement between the Debtor and Jurgenson;

(F) That the Agreement between the Debtor and Jurgenson shall be fully enforceable; and

(G) That the terms of the Debtor's proposed Plan, as filed at Docket Number 66, are hereby modified so as to fully incorporate the terms of the Agreement into Class 2 of the proposed Plan.

**IT IS SO ORDERED**

**# # #**