EXHIBIT B

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | * | Case No. 24-31033 |
| | | Judge John P. Gustafson |
| YZ Enterprises Inc. | * | |
| | | Chapter 11 Proceeding |
| Debtor | | (Subchapter V) |
| | * | |

\* \* \*

**<ins>FIFTH</ins> <del>FOURTH</del> INTERIM ORDER ON DEBTOR'S MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FOR ENTRY OF AN INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS PURSUANT TO SECTION 361 OF THE BANKRUPTCY CODE AND (III) APPROVING PROPOSED BUDGET**

This matter came before the Court on the Motion[1] of the Debtor, requesting that this Court enter an interim order pursuant to sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, authorizing and approving the Debtor's use of cash collateral as defined under section 363(a) of the Bankruptcy Code in the ordinary course of the business of the Debtor, granting adequate protection to secured lenders pursuant to section 361 of the Bankruptcy Code, and approving the Debtor's proposed budget.

A telephonic hearing was held on an expedited basis on June 4, 2024 at 10:30am (the "Hearing"). Pursuant thereto, the Court entered an interim order, authorizing the Debtor to use cash collateral. (Doc. No. 22). The Court set a further hearing on the matter for July 9, 2024, at 1:30 p.m.

On July 9, 2024, the Court held the further hearing and based upon the hearing entered a further interim order authorizing the Debtor to use cash collateral. (Doc. No. 53). A further hearing was then set by the Court for August 22, 2024, at 1:30 p.m. ("Further Hearing").

On August 22, 2024, the Court held the further hearing and based upon the hearing entered a further interim order authorizing the Debtor to use cash collateral. (Doc. No. 70). A further hearing was then set by the Court for October 8, 2024, at 1:30 p.m. ~~("Further Hearing").~~

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in *Motion of Debtor, YZ Enterprises, Inc. for the Entry of an Interim Order to Use Cash Collateral Pursuant to 11 U.S.C. § 363, to Set Adequate Protection Payment Pursuant to 11 U.S.C. § 361 and to Approve Budget* [Doc 6].

On October 8, 2024, the Court held the further hearing and based upon the hearing entered a further interim order authorizing the Debtor to use cash collateral. (Doc. No. 70). A further hearing was then set by the Court for December 19, 2024, at 2:00 p.m. ("Further Hearing").

Based upon the arguments and representations made at the Further Hearing, as well as in the Motion, the Court hereby finds and determines that the requested relief is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the Debtor has provided due and proper notice of the Motion, and after due deliberation and consideration and sufficient cause appearing, therefor

**IT IS HEREBY FOUND AND DETERMINED THAT**

1. <u>Jurisdiction</u>. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. <u>Petition Date</u>. On May 31, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3. <u>Jurisdiction and Venue.</u> Since the filing of this case, the Debtor has, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, been operating its business and managing its affairs as debtor in possession. As of the date hereof, the Subchapter V Trustee has been appointed, however, no trustee in possession, examiner, or statutory committee has been appointed in this case.

4. <u>Parties with Interest in Cash Collateral</u>. At the commencement of this case, and as more fully set forth in the Motion, the following entities may hold an interest in the Debtor's property, including an interest in cash collateral as that term is defined under section 363 of the Bankruptcy Code:

United States Small Business Administration; ("SBA");

Northview Capital, LLC; ("Northview");

Franklin Capital Holdings, LLC; ("Franklin"); and

Unique Funding Solutions, LLC; ("Unique").

5. <u>Necessity of Relief Requested</u>: In the event the Debtor were not permitted to use cash collateral, the Debtor would be unable to properly operate in the ordinary course of business or to maintain its property. As such, the continued operation of the Debtor's business would not be possible and would likely result in immediate and irreparable harm to the Debtor, its estate and creditors, and the possibility for a successful outcome in the above captioned "Chapter 11 Case" would be gravely jeopardized. The relief requested in the Motion is, therefore, necessary, essential, and appropriate for the continued operation of the Debtor's business, and to facilitate the management and preservation of the Debtor's property. Entry of this "Interim Order" is in the best interests of the Debtor, its estate and creditors and other parties in interest.

6. <u>Notice</u>: Notice of the Motion was provided to (1) the Office of the United States Trustee, (2) the parties having an interest in the Cash Collateral, (3) and the Debtor's twenty (20) largest unsecured creditors and (4) those parties in interest having filed a request for notice pursuant to Bankruptcy Rule 2002 and 9007.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

A. <u>Motion Granted</u>.

The Motion is granted with respect to the SBA, Northview, Franklin and Unique, and the Debtor is hereby authorized to use on an interim basis the Cash Collateral of said entities, subject to the terms and conditions set forth in this Interim Order.

B.  Authorization to Use Cash Collateral.

The Debtor is hereby authorized to use the Cash Collateral of the SBA, Northview, Franklin and Unique to pay all ordinary and necessary expenses consistent with Debtor's Budget as attached as Exhibit A to the <ins>Notice of Proposed Budget filed at Docket Number 101</ins><del>Motion</del>, except that the Debtor is also authorized: (i) to exceed any line item on the Budget by an amount up to twenty percent (20%) of each such line item; or (ii) to exceed any line item by more than twenty (20%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed fifteen percent (15%) in the aggregate of the total Budget. Provided that the adequate protection payments, as provided for herein are paid, the Debtor shall, in addition to the expenses set forth in its Budget, be further entitled to pay from its Budget, the following expenses and costs:

(a) Fees and expenses of the Subchapter V Trustee upon application to and allowance by the Court;

(b) Professional fees and expenses upon application to and allowance by the Court;

(c) any further adequate protection payments ordered by the Court; and

(d) after notice and the opportunity for hearing, any further expenses and/or costs allowed pursuant to court order.

C.  Adequate Protection Payments to the SBA

The Debtor shall not make any payments to the SBA as and for the Debtor's use of the SBA's cash collateral.

D.  Replacement Lien for the SBA

Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to any security interests preserved by section 552(b) of the

Bankruptcy Code, and to the extent the stay of section 362 of the Bankruptcy Code, or the Debtor's use, sale, or lease of the SBA's Collateral results in a decrease in the value of the SBA's interest in its Collateral, the SBA is hereby granted a postpetition perfected security interest under section 361(2) of the Bankruptcy Code to the same extent and with the same priority as the SBA held on a prepetition basis in the Debtor's property. ("SBA Replacement Lien"). The SBA Replacement Lien shall be deemed to be perfected immediately upon the entry of the Court of this Interim Order without the need for filing any further documentation. In addition, the SBA is authorized, and the stay of section 362 of the Bankruptcy Code is hereby lifted so as to allow the SBA to file any documentation it deems appropriate and necessary to perfect this interest. Notwithstanding, the protection afforded to the SBA under this paragraph, the SBA's interest in the Debtor's Property shall be subject to any action brought by any party-in-interest, including the Debtor, pursuant to chapter 5 of the Bankruptcy Code.

E.  <u>Adequate Protection Payment to Northview</u>

Northview shall, as and for the Debtor's Use of Northview's Collateral, including its Cash Collateral, be entitled to receive a monthly payment of $4,000.00. For this purpose, a payment of $2,000.00 shall be due on the 5th day of every month while this Interim Order is in effect unless this Order is entered by the Court after the 5th day of each month in which case the payment of $2,000.00 shall be due on the first business day after the entry of this Order. A second monthly payment of $2,000.00 shall be due on the 20th day of each month while his Interim Order is in effect unless such day falls on a Saturday or Sunday, or

other federal holiday in which case the payment shall be due on the first business day thereafter. The Northview payment shall be applied by Northview, without penalty, as a payment in accordance with its Loan Documents with the Debtor.

F.   Replacement Lien for Northview

Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to any security interests preserved by section 552(b) of the Bankruptcy Code, and to the extent the stay of section 362 of the Bankruptcy Code, or the Debtor's use, sale, or lease of Northview's Collateral results in a decrease in the value of the Northview's interest in its Collateral, Northview is hereby granted a postpetition perfected security interest under section 361(2) of the Bankruptcy Code to the same extent and with the same priority as Northview held on a prepetition basis in the Debtor's property. ("Northview Replacement Lien"). The Northview Replacement Lien shall be deemed to be perfected immediately upon the entry of the Court of this Interim Order without the need for filing any further documentation. In addition, Northview is authorized, and the stay of section 362 of the Bankruptcy Code is hereby lifted so as to allow Northview to file any documentation it deems appropriate and necessary to perfect this interest. Notwithstanding, the protection afforded to Northview under this paragraph, Northview's interest in the Debtor's Property shall be subject to any action brought by any party-in-interest, including the Debtor, pursuant to chapter 5 of the Bankruptcy Code.

G.   Adequate Protection Payment to Franklin

The Debtor shall not make any payments to Franklin as and for the Debtor's use of Franklin's cash collateral.

Payment Instructions for Factored Accounts

Notwithstanding anything to the contrary contained herein, all parties holding payment obligations ("Invoices") from the Debtors shall pay that Invoice to Franklin in accordance with the payment instruction on the Invoice ("Sold Account"). In the event a party pays an Invoice for a Sold Account simultaneous with an Invoice that was not a Sold Account, the Automatic Stay is modified to permit Franklin to reimburse itself for the Sold Account and Franklin shall promptly remit to the Debtor the proceeds of the Invoice that was not a Sold Account. Conversely, if the Debtor receives payment of an Invoice that was a Sold Account, the Debtor shall, within one business day, remit the proceeds from the Sold Account Invoice to Franklin.

H.   Replacement Lien for Franklin

Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to any security interests preserved by section 552(b) of the Bankruptcy Code, and to the extent the stay of section 362 of the Bankruptcy Code, or the Debtor's use, sale, or lease of Franklin's Collateral results in a decrease in the value of Franklin's interest in its Collateral, Franklin is hereby granted a postpetition perfected security interest under section 361(2) of the Bankruptcy Code to the same extent and with the same priority as Franklin held on a prepetition basis in the Debtor's property. ("Franklin Replacement Lien"). The Franklin Replacement Lien shall be deemed to be perfected immediately upon the entry of the Court of this Interim Order without the need for filing any further documentation. In addition, Franklin is authorized, and the stay of section 362 of the Bankruptcy Code is hereby lifted so as to allow Franklin to file any

documentation it deems appropriate and necessary to perfect this interest. Notwithstanding, the protection afforded to Franklin under this paragraph, Franklin's interest in the Debtor's Property shall be subject to any action brought by any party-in-interest, including the Debtor, pursuant to chapter 5 of the United States Bankruptcy Code.

I.  Adequate Protection Payment to Unique

The Debtor shall not make any payments to Unique as and for the Debtor's use of Unique's cash collateral.

J.  Replacement Lien for Unique

Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to any security interests preserved by section 552(b) of the Bankruptcy Code, and to the extent the stay of section 362 of the Bankruptcy Code, or the Debtor's use, sale, or lease of Unique's Collateral results in a decrease in the value of Unique's interest in its Collateral, Unique is hereby granted a postpetition perfected security interest under section 361(2) of the Bankruptcy Code to the same extent and with the same priority as Unique held on a prepetition basis in the Debtor's property. ("Unique Replacement Lien"). The Unique Replacement Lien shall be deemed to be perfected immediately upon the entry of the Court of this Interim Order without the need for filing any further documentation. In addition, Unique is authorized, and the stay of section 362 of the Bankruptcy Code is hereby lifted so as to allow Unique to file any documentation it deems appropriate and necessary to perfect this interest. Notwithstanding, the protection afforded to Unique under this paragraph, Unique's interest in the Debtor's Property shall be subject to any action brought

by any party-in-interest, including the Debtor, pursuant to Chapter 5 of the United States Bankruptcy Code.

K.   Additional Terms

Priority of Adequate Protection Liens. The SBA Replacement Lien, the Northview Replacement Lien, the Franklin Replacement Lien and the Unique Replacement Lien shall have the same relative priority as the Pre-petition Liens held such creditors in the Debtor's Property as of the Petition Date.

Insurance. The Debtor shall maintain insurance on all its Property in an amount according to the contract terms with respect to the Collateral or, to the extent not otherwise specified in a contract or loan, agreement, an amount which is customarily appropriate for the nature of the property.

Taxes and Accounting. The Debtor will pay appropriate taxes and account for all cash use.

L.   Duration

The Debtor, subject to the terms herein, is authorized to use Cash Collateral from the Petition Date to the occurrence of any of the following events: (a) the confirmation, conversion or dismissal of this Chapter 11 case; (b) Debtor's unauthorized use of the Cash Collateral; (c) the Debtor ceasing operation of its business as a Debtor-In-Possession under the Bankruptcy Code; (d) the date of entry of a Court Order terminating this Order for cause; (e) unless otherwise provided, the entry of an order granting to either the SBA, Northview, Franklin or Unique relief from the automatic stay;  (f) a specific order of the Court terminating this Order and/or the entry of a court order superseding this Order,

including a final order entered by the Court or (g) the further hearing set by the Court on the Motion.

I.      Notice of Default.

In the event any interested party asserts that a default has occurred under this Interim Order, notice thereof shall be provided to all parties in this case which have requested notice, including the Debtor, and thereafter the Debtor, any committee appointed in this case, and the United States Trustee, as the case may be, shall be afforded three (3) business days after receiving such notice of default to cure such default or to request a hearing before the Court contesting such default.

J.      Binding Effect

This Order shall be binding upon all the creditors set forth herein, and the Debtor. Nothing, however, in this Order shall be construed so as to prejudice or prevent the Debtor, a trustee appointed with respect to the Debtor, any future committee, the United States Trustee or any party-in-interest from challenging the validity, perfection or amount of the secured claimed of any creditor subject to this Order and all rights of said parties under chapter 5 of the Bankruptcy Code are fully preserved notwithstanding anything in this Order to the contrary.

K.      Section 507(b) Reservation

Nothing herein shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to any of the Secured Parties hereunder is insufficient to compensate for any Diminution in Value of their interests in the Prepetition Collateral during the Case.

L.      Further Hearing

This Court shall hold a further interim hearing on the Debtor's use of cash collateral and adequate protection on in Courtroom Number 2, PNC Bank Building, 405 Madison Avenue, Toledo, Ohio.

**IT IS SO ORDERED**

# # #